**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ABBY RENEA CHILDRESS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:08-CV-306-Y** |
| | § | |
| **W. ELAINE CHAPMAN, Warden,** | § | |
| **FMC-Carswell,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas. The findings, conclusions, and recommendation of the United States

Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28

U.S.C. § 2241.

### B.  PARTIES

Petitioner Abbey Renea Childress, Reg. No. 15393-064, is a federal prisoner incarcerated

in FMC-Carswell in Fort Worth, Texas.

Respondent W. Elaine Chapman is Warden of FMC-Carswell.

### C.  PROCEDURAL HISTORY

In the Western District of Oklahoma, Childress pled guilty to two drug-related offenses

pursuant to a plea agreement, and, on October 26, 2004, was sentenced to a term of 168 months'

incarceration in Criminal Docket No. 5:03-CR-006-M. *See* CM/ECF, Criminal Docket # 5:03-CR-006-M-4. Thereafter, Childress appealed her convictions and/or sentences to no avail. The docket does not reflect that Childress filed a §2255 motion to vacate in the convicting court. *Id.* Childress filed this federal petition under § 2241 in this division, where she is currently serving her sentence. The government has filed a motion to dismiss for lack of jurisdiction.

D. DISCUSSION

By the instant habeas corpus action, Childress claims she received ineffective assistance of counsel at trial and she challenges her sentence on the basis of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2004). Childress's claims are not cognizable in a petition for writ of habeas corpus brought pursuant to § 2241.

Typically, 28 U.S.C. § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *Evans v. Jeter*, 215 Fed. Appx. 374, 375 (5th Cir. 2007) (not designated for publication in the Federal Reporter). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Because Childress's claims involve a collateral attack on her convictions and sentences, they must be asserted in a § 2255 motion, and the only court with jurisdiction to determine such a motion is the convicting court, *i.e.,* the Oklahoma City Division of the Western District of Oklahoma. Thus, the instant petition under § 2241 should be dismissed with prejudice.

It is recognized that § 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a

prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of [her] detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Childress did not file a § 2255 motion in the convicting court nor has she alleged or demonstrated that, based on a retroactively applicable Supreme Court decision, she was convicted of a nonexistent offense, or that her claims were foreclosed by circuit law at the time of her trial or appeal. Thus, Childress has failed to make the requisite showing to invoke the § 2255 savings clause. The fact that she may now be barred from filing a § 2255 petition under the statute's one-year statute of limitations does not make § 2255 inadequate or ineffective. *See Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Childress is precluded from challenging the legality of her convictions and sentences under § 2241. The court is without jurisdiction to consider the petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that government's motion to dismiss be GRANTED and Childress's petition for writ of habeas corpus under § 2241 be DISMISSED for lack of jurisdiction.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until December 4, 2008.  The United States District Judge need only make a

*de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 4, 2008,

to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED November 13, 2008.


       /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE